UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEICO Indemnity Company as subrogee of Vincent Hicks, | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The United States of America, | |
| Defendant. | |

Plaintiff, GEICO Indemnity Company as subrogee of Vincent Hicks, by way of Complaint against Defendant, The United States of America, alleges as follows:

## PARTIES

1. Plaintiff, GEICO Indemnity Company ("Plaintiff") is a corporation formed under the laws of the State of Virginia that does business at 1 Geico Boulevard, Fredericksburg, Virginia 22412.

2. Plaintiff is in the business of automobile insurance.

3. Plaintiff's insured Vincent Hicks ("Plaintiff's insured") is an individual residing at 1264 Teller Avenue, Bronx, New York 10456.

4. Plaintiff's insured was, at all times relevant hereto, the insured under a certain GEICO Indemnity Company policy.

5. The claims herein are brought against The United States of America.

6. The claims herein arise out of a motor vehicle accident involving the vehicle of Plaintiff's insured and an employee of the United States Government, Postal Service.

7. The United States Government, Department of the Post Office is an agency

of the United States of America which by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of Defendant, United States of America, with the full knowledge, consent and authority of Defendant, United States of America.

## JURISDICTION AND VENUE

8. Jurisdiction over the United States of America in this case is founded upon the Federal Tort Claims Act (28 U.S.C. 2671, *et seq*.) and 28 U.S.C. 1346(b)(1).

9. The claims here are brought against the United States of America for money damages as compensation for loss of property on September 24, 2017 that was caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their office of employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York.

11. An original SF-95 Claim Form was sent to the United States Postal Service on January 25, 2018.  A true copy of the claim is attached hereto as **Exhibit A**.

12. Plaintiff's claim was formally denied by the United States Post Office by letter dated June 25, 2018.  A true copy of the denial is attached hereto as **Exhibit B.**

13. On or about August 10, 2018, Plaintiff submitted a formal request for reconsideration of the final denial of claim to the United States Postal Service.  A true copy of the request is attached hereto as **Exhibit C**.

14. Less than six (6) months had expired since the date of the June 25, 2018 denial, making the request for reconsideration timely.

15. Plaintiff's request for reconsideration was formally denied by the United States Post Office by letter dated August 24, 2018. A true copy of the denial is attached hereto as **Exhibit D**.

16. Less than six (6) months has expired since the August 24, 2018 denial, making institution of this lawsuit timely.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

17. At all times relevant hereto, Plaintiff's insured owned a 2014 Dodge Durango ("the vehicle of Plaintiff's insured").

15. On or about September 24, 2017, Vincent Hicks was operating his vehicle on E. 168th Street, at or near the intersection with Morris Avenue, in Bronx, New York.

16. At the same aforementioned time and place, a United States Post Office vehicle (hereinafter "Defendant's vehicle") was traveling at the aforementioned location.

17. Upon information and belief, at all times relevant hereto, the vehicle being driven by the United States Postal worker was owned by the United States Post Office, an Agency of Defendant, United States of America.

18. Upon information and belief, at all times relevant hereto, the United States Postal worker was an employee of the United States Postal Service, an Agency of Defendant, United States of America.

19. At the same aforementioned time and place, the United State Postal worker operated said vehicle in such an, including, but not limited to, reckless, careless, willful and wanton and/or negligent manner, so as to sideswipe the vehicle of Plaintiff's insured.

20. As a result of Defendant's actions and/or omissions, the vehicle of Plaintiff's insured sustained property damage.

21. As a result of Defendant's actions and/or omissions, Plaintiff paid Property Damage claims totaling $3,047.16.

## **TORTIOUS CONDUCT**

22. Plaintiff repeats each and every preceding paragraph of the Complaint as if set forth at length herein.

23. Defendant owed a duty of reasonable care to Plaintiff's insured.

24. Defendant breached said duty by recklessly, carelessly, willfully and wantonly and/or negligently failing to pay attention and strike the vehicle of Plaintiff's insured.

## **REMEDY**

25. WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

A. Money damages in the amount of $3,047.16.

B. Such other relief as the Court might deem just and equitable.

Dated: December 11, 2018        Law Offices of Jan Meyer & Associates, P.C.

_____
Richard L. Elem, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
(201) 862-9500
**Maintains a New York Office At:**
424 Madison Avenue, 16th Floor
New York, NY 10017
*Kindly correspond with our NJ office.*